**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**FILED
August 27, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,
Plaintiff Below, Respondent**

**vs.) No. 20-0129** (Braxton County 19-F-35)

**Brandon Doyle McCourt,
Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Brandon Doyle McCourt, by counsel M. Tyler Mason, appeals the January 22, 2020, order of the Circuit Court of Braxton County sentencing him to an indeterminate two-to-ten year-term of incarceration for his conviction of one count of counterfeiting. The State of West Virginia, by counsel Karen Villanueva-Matkovich, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court's imposition of a two-to-ten-year-term of incarceration is disproportionate to the crime for which he was sentenced.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2019, the grand jury indicted petitioner on four felony counts: counterfeiting currency, grand larceny, felony escape from home incarceration, and fleeing from law enforcement with reckless indifference. Petitioner was placed on home incarceration as a condition of bond. At petitioner's arraignment the same month, he tested positive for methamphetamine and tetrahydrocannabinol. Petitioner pled guilty to one count of counterfeiting in August of 2019. In exchange for the guilty plea, the State dismissed the remaining counts of the indictment and agreed to recommend alternative sentencing. Petitioner remained out on bond with the condition of home incarceration.

In October of 2019, the circuit court held a sentencing hearing wherein petitioner failed to appear, and a capias warrant was issued. Following his arrest on January 13, 2020, the circuit court held another sentencing hearing in January of 2020. At the hearing, petitioner requested "some type of alternative sentencing" but the circuit court denied the request, finding that petitioner was

a poor candidate for alternative sentencing, given his failure to appear for the prior scheduled sentencing hearing. Ultimately, the circuit court sentenced petitioner to an indeterminate two-to-ten-year term of incarceration.[1] Petitioner now appeals the circuit court's January 22, 2020, sentencing order.

On appeal, petitioner argues that the circuit court abused its discretion when it sentenced him to two to ten years of incarceration for committing a non-violent offense "that was effectively the same as petit larceny of $100." According to petitioner, the circuit court's sentence was so disproportionate to the crime that it is unconstitutionally cruel and unusual. Finally, he argues that the sentence "shocks the conscience" as petitioner would have been sentenced to less time had he stolen more than $100 but less than $1000 with a conviction of petit larceny.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citations omitted). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Petitioner does not argue that his sentence of incarceration is not within statutory limits nor based on some impermissible factor. Therefore, we find no error in the circuit court's imposition of that sentence.

For the foregoing reasons, the circuit court's January 22, 2020, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[1]Pursuant to West Virginia Code § 61-4-3, a person found guilty of counterfeiting "shall be deemed guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than two nor more than ten years."